1  Lawrence Peitzman (State Bar No. 62379)
   David B. Shemano (State Bar No. 176020)
2  Jonathan D. Gordon (State Bar No. 205541)
   PEITZMAN, GLASSMAN, WEG & KEMPINSKY LLP
3  1801 Avenue of the Stars, Suite 1225
   Los Angeles, CA 90067
4  Telephone: (310) 552-3100
   Telecopier: (310) 552-3101
5
6  Reorganization Counsel for
   Debtors and Debtors in Possession
7
                    UNITED STATES BANKRUPTCY COURT
8
                    CENTRAL DISTRICT OF CALIFORNIA
9
                         LOS ANGELES DIVISION
10

In re                                    Bk. Case No: LA-01-45961-AA

BMK, Inc.; Jacks Service Company; Kasch  Chapter 11
Merchandising, Inc.; Outsource Merchandising
Corp.; Nationmark Merchandising & Distribution  (Jointly Administered with Case Nos.:
Company; Somody Merchandising, Inc.; WESCO      LA-01-45965-AA;
Merchandising, Inc.; and Wasatch Service &      LA-01-45969-AA;
Supply, Inc.                                    LA-01-45971-AA;
                                                LA-01-45972-AA;
          Debtors.                              LA-01-45975-AA;
                                                LA-01-45976-AA; and
                                                LA-01-45979-AA)

Tax I.D. Nos, respectively: 95-3876917; 73-     ORDER AND FINDINGS OF FACT AND
0748856; 95-4761834; 95-4604739; 95-4672501;    CONCLUSIONS OF LAW: (1) AUTHORIZING
95-4776273; 87-0288476; 95-4676693              AND APPROVING SALE OF SUBSTANTIALLY
                                                ALL OF THE DEBTORS' ASSETS FREE AND
**Check One or More as Appropriate:**           CLEAR OF ALL LIENS, CLAIMS,
Affects All Debtors:                       ☒    ENCUMBRANCES AND OTHER INTERESTS
Affects BMK, Inc:                          ☐    PURSUANT TO SECTION 363 OF THE
Affects Jacks Service Comp:                ☐    BANKRUPTCY CODE, AND (2) AUTHORIZING
Affects Kasch Merchandising, Inc:          ☐    AND APPROVING THE ASSUMPTION AND
Affects Outsource Merchandising Corp:      ☐    ASSIGNMENT OF CERTAIN EXECUTORY
Affects Nationmark Merchandising:          ☐    CONTRACTS PURSUANT TO SECTION 365 OF
Affects Somody Merchandising, Inc:         ☐    THE BANKRUPTCY CODE
Affects WESCO Merchandising, Inc.:         ☐
Affects Wasatch Supply & Service, Inc.:    ☐    Date: May 22, 2002
                                                Time: 2:00 p.m.
                                                Place: Courtroom 1375
                                                       255 E. Temple Street
                                                       Los Angeles, CA

**ORIGINAL STAMPED IN RED**

1

The Motion Of The Debtors For Order (1) Authorizing And Approving Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Section 363 Of The Bankruptcy Code, And (2) Authorizing And Approving The Assumption And Assignment Of Executory Contracts Pursuant To Section 365 Of The Bankruptcy Code (the "Motion"), filed by the above-captioned debtors (the "Debtors"), came on for hearing before the Honorable Alan M. Ahart, United States Bankruptcy Judge, on May 22, 2002, at 2:00 p.m. (the "Sale Hearing"). Appearances were made as reflected in the Bankruptcy Court's record. Capitalized terms used herein shall have the meaning ascribed to them in the Motion, unless otherwise defined.

Pursuant to the Motion, the Debtors seeks (a) to sell to Sun BMK Acquisition Corp. (including any designee(s), "Buyer") all of the Debtor's right, title and interest in substantially all of its assets (the "Assets") free and clear of all liens, claims, encumbrances and other interests pursuant to an Asset APA (the "Initial APA") attached as Exhibit A to the Declaration of Richard Craig accompanying the Motion, and (b) to assume and assign to Buyer certain rights and obligations set forth in the Initial APA and arising under certain executory leases and contracts (collectively, the "Transaction").

On March 27, 2002, the Debtors filed and served the Motion Of The Debtors For Order: (1) Establishing Sale Procedures For Sale Of Substantially All Of The Debtors' Assets, (2) Approving Break-Up Fee, (3) Setting Deadline To Object To Proposed Cure Amounts, And (4) Approving Form And Manner Of Notice Of Sale (the "Sale Procedures Motion") and an application to shorten time on the hearing on the Sale Procedures Motion. A hearing was held on the Sale Procedures Motion on April 10, 2002. On April 11, 2002, the Bankruptcy Court entered the Order Granting Motion Of The Debtors For Order: (1) Establishing Sale Procedures For Sale Of Substantially All Of The Debtors' Assets, (2) Approving Break-Up Fee, (3) Setting Deadline To Object To Proposed Cure Amounts, And (4) Approving Form And Manner Of Notice Of Sale (the "Sale Procedures Order").

In accordance with the Sale Procedures Order, on or about April 15, 2002, the Debtors served: (i) the Notice Of Motion Of The Debtors For Order: (1) Authorizing And Approving

1. Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Section 363 Of The Bankruptcy Code, And (2) Authorizing And Approving The Assumption And Assignment Of Executory Contracts Pursuant To Section 365 Of The Bankruptcy Code (the "Sale Notice"), and (ii) the Notice Of Deadline To (1) Object To The Assumption And Assignment Of Executory Contracts In Connection With Sale Of Substantially All Of The Debtors' Assets, And (2) File Claims For Amounts Due To Cure Defaults Under Executory Contracts To Be Assumed And Assigned In Connection With Sale Of Substantially All Of The Debtors' Assets (the "Cure Notice").

The Debtors received objections, cure claims and/or requests for clarification from the following parties: (1) BCL Capital; (2) General Electric Company (GE Lighting); (3) The Pinnacle Group; (4) Rush Truck Leasing, Inc.; (5) Metavante Corporation; (6) Weston Inc.; (7) County of San Bernadino; (8) Donlen Corporation; (9) CitiCapital Commercial Leasing Corporation; (10) Estate of James Campbell; (11) Jeffrey Kasch; (12) W.N. Klein & Son, Inc.; (13) EFAM, Inc.; (14) Jack B. Holmstrom; (15) Charles G. Cowley; (16) Byron R. Nowell; and (17) Jim White (collectively, the "Objections"). The Debtors filed a reply to the Objections and in further support of the Motion (the "Reply"). In the Reply, among other things, the Debtors modified the list of executory contracts and unexpired leases to be assumed and assigned to Buyer.

The Debtors received an overbid from Pacific BMK Acquisition, Inc. ("Pacific" and "Pacific Bid"), which the Debtors determined was a "Qualified Overbid" as defined in the Sale Procedures Order. On May 21, 2002, Sun filed an objection to the Debtors' determination that the Pacific Bid was a Qualified Overbid (the "Sun Objection"). At the Sale Hearing, Sun withdrew the Sun Objection.

Prior to the Sale Hearing, the Debtors filed with the Bankruptcy Court the Declaration of David B. Shemano attaching (i) a Commitment Letter dated May 20, 2002, executed by Sun Capital Partners II, LP (the "Fund"), pursuant to which the Fund guarantees to the Debtors that the Fund shall contribute to Sun an amount equal to the cash portion of the Purchase Price required at Closing pursuant to the terms of the Initial APA, and (ii) a letter agreement dated

May 21, 2002, between the Debtors and Sun providing for certain clarifications and modifications to the Initial APA (collectively, the "Letter Agreements"). The Initial APA as clarified and modified by the Letter Agreements is referred to as the "APA."

At the Sale Hearing, the Debtors represented that an auction of the Debtors' assets (the "Auction") was conducted pursuant to the terms of the Sale Procedures Order on May 21, 2002. At the conclusion of the Auction, the Debtors determined that the highest and best bid was submitted by Sun in the amount of $69,736,000 as reflected in the APA.

After consideration of the Motion and accompanying supporting papers, the Sale Procedures Order, the Sale Notice, the Cure Notice, the Objections, the Reply, the Shemano Declaration, the arguments of counsel, the files and records in this chapter 11 case, and sufficient cause appearing, the Bankruptcy Court hereby makes the following Findings of Fact and Conclusions of Law.[1]

I. **FINDINGS OF FACT:**[2]

    A.    <u>Basis For Section 363 Sale</u>

        1.    Time is of the essence in consummating the Transaction. Accordingly, to maximize the value of the Assets, it is essential that the sale of the Assets occur within the time constraints set forth in the APA.

        2.    Heller Financial Inc., as lender and as agent (the "Agent") on behalf of the lenders named in that certain (i) Amended and Restated Credit Agreement dated as of March 31, 1998, as amended, and (ii) Postpetition Credit Agreement dated as of December 3, 2001 (the "Senior Secured Creditors"), representing the parties in interest most adversely effected by continued diminution in the bankruptcy estates' value, has thoroughly reviewed the Debtors' alternatives and has consented to the Transaction pursuant to section 363(f)(2) of the Bankruptcy Code, and has consented to the form and content of this Order.

---

[1] The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court with respect to the Motion pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

[2] The Court's statements from the bench setting forth additional Findings of Fact and Conclusions of Law in open Court at the Sale Hearing are expressly incorporated by reference into this Order and made a part hereof.

3.     The Assets are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

B.     Notice of Sale of The Assets

4.     Pursuant to the Certificate of Service of the Sale Notice, the Sale Notice was served in accordance with the Sale Procedures Order.

5.     Pursuant to the Certificate of Service of the Cure Notice, the Cure Notice was served in accordance with the Sale Procedures Order.

6.     The service of the Sale Notice and the Cure Notice was adequate and sufficient under the circumstances of these Chapter 11 cases and this proceeding and complied with the various applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the procedural due process requirements of the United States Constitution.

C.     Good Faith Of Buyer

7.     Buyer is purchasing the Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that: (a) Buyer agreed to provisions in the APA approved in the Sale Procedures Order which would enable the Debtors to deal with any other party interested in acquiring the Assets and to accept a higher and better offer for the Assets; (b) Buyer in no way induced or caused the Chapter 11 filings of the Debtors; (c) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Transactions have been disclosed; (d) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (e) the negotiation and execution of the APA and any other agreements or instruments related thereto was at arms length and in good faith.

D.     Competing Offers

8.     Although the Pacific Bid was submitted and Pacific participated in the Auction, the Buyer's final offer at the Auction in the amount of $69,736,000 pursuant to the terms of the APA was the highest and best bid.

E. <u>Approval Of Motion</u>

9. Declarations of the Debtors and/or Buyer supporting each of the findings of fact contained in this document have been filed with this Court.

10. Buyer is a third-party purchaser unrelated to the Debtors.

11. The purchase terms, as set forth in the APA, are fair and reasonable under the circumstances of these Chapter 11 cases and this proceeding.

12. The Motion should be approved as it is in the best interests of creditors.

F. <u>Buyer is Not a Mere Continuation of the Debtors</u>

13. The following findings of fact relate to the conclusions of law set forth in Section II.D. below:

  a. Except as expressly provided in the APA, the Debtors' employees who are to be retained by Buyer are being hired under new employment contracts or other arrangements to be entered into or to become effective at or after the time of the Closing.

  b. No common identity of incorporators, directors or stockholders exists between Buyer and the Debtors.

  c. Buyer is not purchasing all of the Debtors' assets. Buyer is not purchasing rights, claims or causes of action of Debtors arising under chapter 5 of the Bankruptcy Code or other Excluded Assets. The Transactions are not being entered into fraudulently. The Sale Hearing has been properly noticed.

  d. Buyer is not holding itself out to the public as a continuation of the Debtors.

G. <u>Miscellaneous</u>

14. To the extent any Findings of Facts set forth in Section I herein constitute Conclusions of Law, the Court so concludes.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction, Final Order And Statutory Predicates

1. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. Sections 157(b)(1) and 1334(b).

2. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. Section 158(a). To any extent necessary under Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Rule 7054 of the Federal Rules of Bankruptcy Procedure, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

3. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. Sections 157(b)(2)(a), (n) and (o).

4. The statutory predicates for the Motion are Sections 105, 363 and 365 of the Bankruptcy Code and Rules 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure.

5. The proposed Transaction constitutes a sale of property of the Debtors' estates outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code.

### B. Section 363 Sale

6. The Assets are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

7. The Debtors are authorized to sell property of their estates, pursuant to section 363(b) of the Bankruptcy Code, free and clear of liens, claims, encumbrances and other interests if the applicable provisions of section 363(f) of the Bankruptcy Code have been satisfied.

8. The Debtors may sell the Assets free and clear of all liens, claims, encumbrances and other interests because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those parties who did not object or withdrew their objections to the Motion are deemed to have consented to the sale of the

7

Assets pursuant to section 363(f)(2) of the Bankruptcy Code, Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(a)(11).

9. The Assumed Equipment Leases are true leases and not secured transactions.

10. With the exception of the County of San Bernadino, all purported secured creditors have consented to the sale of the Assets upon which they allegedly maintain Liens. The objection of the County of San Bernadino to the sale is overruled.

11. Given all of the circumstances of these Chapter 11 cases and the adequacy and fair value of the purchase price under the APA, the proposed sale of the Assets to Buyer constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

12. Buyer is a good faith purchaser under section 363(m) of the Bankruptcy Code and entitled to all the protections thereof.

C. Retention Of Jurisdiction

13. It is necessary and appropriate for the Court to retain jurisdiction to, inter alia, interpret and enforce the terms and provisions of this Order and the APA and to adjudicate, if necessary, any and all disputes concerning the assumption and assignment of the Assumed Executory Contracts and Designated Remaining Leases (collectively, the "Executory Contracts"), any right, title, (alleged) property interest, including ownership claims, relating to the Assets and the proceeds thereof, as well as the extent, validity and priority of all Liens relating to the Assets.

D. No Successor Liability

14. Buyer does not constitute a successor to the Debtors or the Debtors' estates.

15. The Transaction does not amount to a consolidation, merger or de facto merger of Buyer and the Debtors or the Debtors' estates.

16. Buyer is not merely a continuation of the Debtors or the Debtors' estates, there is not substantial continuity between Buyer and the Debtors, and there is no continuity of enterprise between the Debtors and Buyer.

E. <u>Miscellaneous</u>

17. To the extent any Conclusion of Law set forth in Section II herein constitutes a Finding of Fact, this Court so finds.

Based on the foregoing Findings of Fact and Conclusions of Law, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS**:

A. The relief requested in the Motion is granted and approved in all respects. The APA and the Transaction are hereby approved in all respects. The parties are authorized to make nonmaterial modifications to the APA without further Order of the Bankruptcy Court.

B. The Debtors are authorized and directed to take any and all actions necessary or appropriate to (i) consummate the sale of the Assets to Buyer (including, without limitation, to convey to Buyer any and all of the Assets intended to be conveyed) and the Closing of the Transaction in accordance with the Motion, the APA and this Order; and (ii) perform, consummate, implement and close fully the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA.

C. Upon the Closing, the Assets transferred, sold, conveyed, assigned and delivered to Buyer shall be free and clear of all encumbrances, obligations, interests, liabilities, contractual commitments, claims, including, without limitation, any theory of successor liability, de facto merger, or substantial continuity, whether based in law or equity, employee benefit obligations (including, without limitation, under the Employee Retirement Income Security Act, the Comprehensive Omnibus Budget Reconciliation Act, CERCLA and all other Environmental Laws), any Warn Act liabilities, any security interest, mortgage, lien, right of set off or recoupment, charge against or interest in property, adverse claim, claim of possession, right of way, license, easement or restriction of any kind, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership or any

1  option to purchase, option, charge, retention agreement which is intended as security or other
2  matters, including, without limitation, any item included in the definition of "Lien" or "Liens" set
3  forth in the APA (hereinafter collectively referred to as "Liens," such term to be deemed to
4  exclude any and all Permitted Liens of any person or entity that encumber or relate to or purport
5  to encumber or relate to the Assets).

6     D.    Buyer is not a successor to the Debtors or the Debtors' estates by reason of any
7  theory of law or equity and Buyer shall not assume or in any way be responsible for any liability
8  or obligation of the Debtors or the Debtors' estates, except as otherwise expressly provided in the
9  APA.

10     E.    Effective on the date of entry of this Order, except as otherwise expressly
11  provided in the APA, all entities, including, but not limited to, the Debtors, creditors, employees,
12  former employees and shareholders, administrative agencies, governmental departments,
13  secretaries of state, federal, state and local officials maintaining any authority relating to
14  Environmental Laws, employment or antitrust laws, and their respective successors or assigns,
15  shall be permanently and forever barred, restrained and enjoined from commencing or
16  continuing in any manner any action or other proceeding of any kind against Buyer as alleged
17  successor or otherwise with respect to any obligations, violations or Liens occurring before or
18  arising out of or related to the Transaction.

19     F.    Each and every term and provision of the APA, together with the terms and
20  provisions of this Order, shall be binding in all respects upon the Debtors, the Debtors' estates,
21  Debtors' creditors and shareholders, all entities and third parties, administrative agencies,
22  governmental departments, secretaries of state, federal, state and local officials and person or
23  entity maintaining any authority relating to Environmental Laws, employment or antitrust laws,
24  and their respective successors or assigns, including, but not limited to all non-Debtor parties to
25  the Executory Contracts which may be assigned to Buyer under the APA and persons asserting
26  any Lien against or interest in the Debtors' estates or any of the Assets to be sold and assigned to
27  Buyer, irrespective of any action commenced which contests the Debtors' authority to sell and
28  assign the Assets or which seeks to enjoin such sale and/or assignment.

G. Except as otherwise expressly provided in the APA as Assumed Obligations, Buyer is not assuming any liabilities or responsibilities of Debtors. Except as otherwise expressly provided in the APA or as specifically set forth in the Motion with respect to precautionary UCC-1 financing statements filed in connection with Assumed Equipment Leases that are true leases or true consignments, all entities holding Liens of any kind and nature be and hereby are barred from asserting such Liens against Buyer and/or the Assets.

H. All cash proceeds and other consideration received by the Debtors pursuant to the terms of the APA (the "Proceeds") shall be paid and distributed as follows:

1. First, pursuant to the Final Order (1) Authorizing Debtors-in-Possession to Enter into Post-Petition Financing; (2) Authorizing Use of Cash Collateral; (3) Providing Adequate Protection; and (4) Granting Liens, Security Interests and Superpriority Claims entered by this Court on February 12, 2002 (the "DIP Order"), to the Agent to the extent necessary to fully, finally, and indefeasibly repay the undisputed outstanding balance of all obligations owing under the Post-Petition Credit Agreement and the Post-Petition Financing Documents (each, as defined in the DIP Order);

2. Second, to Houlihan, Lokey, Howard & Zukin Capital ("HLHZ") to fully, finally, and indefeasibly pay all undisputed amounts due to HLHZ pursuant to that certain October 8, 2001 engagement letter agreement between and among the Debtors and HLHZ (as amended); and

3. Third, all remaining Proceeds (including, without limitation, all funds released from escrow pursuant to the APA) (the "Net Proceeds") to the Debtors to be held in a segregated, interest-bearing, deposit account at LaSalle Bank National Association, pending further order of this Court; *provided, however*, the Debtors and the Agent are authorized to enter into a stipulation modifying the DIP Order to provide for the use of the Net Proceeds and other cash collateral to pay administrative expenses, including without limitation: (i) ordinary course postpetition trade payables, and (ii) the payment of professional fees in accordance with the Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Professionals And Creditors' Committee Members, entered by the Bankruptcy Court on January

1  11, 2002, in accordance with the terms of a budget (the "Cash Collateral Stipulation"). The Cash
2  Collateral Stipulation shall be filed with the Court and need be served only on the Committee
3  and United States Trustee.

4      I.    All Liens shall attach to the Net Proceeds with the same force, effect, validity,
5  priority and extent, if any, as the Liens that existed and attached to the Assets prior to the sale.

6      J.    This Order: (a) is and shall be effective as a determination that, upon Closing,
7  and except as otherwise specifically set forth in this Order, all Liens existing as to the Assets
8  conveyed to Buyer have been and hereby are adjudged and declared to be unconditionally
9  released, discharged and terminated, and (b) shall be binding upon and govern the acts of all
10 entities, including, all filing agents, filing officers, title agents, title companies, recorders of
11 mortgages, recorders of deeds, registrars of deeds, administrative agencies or units,
12 governmental departments or units, secretaries of state, federal, state and local officials and all
13 other persons and entities who may be required by operation of law, the duties of their office, or
14 contract, to accept, file, register or otherwise record or release any documents or instruments, or
15 who may be required to report or insure any title or state of title in or to any of the Assets
16 conveyed to Buyer. Except as otherwise specifically set forth in this Order, all Liens of record as
17 of the date of this Order shall be forthwith removed and stricken as against the Assets. All such
18 entities described above in this Paragraph J are authorized and specifically directed to strike all
19 such recorded Liens against the Assets from their records, official and otherwise.

20     K.    Except as otherwise expressly set forth on the record at the Sale Hearing, the
21 Debtors are hereby authorized, in accordance with Section 365(b)(1) and (f)(2) of the
22 Bankruptcy Code, to: (1) assume the Executory Contracts; (2) sell, assign and transfer to Buyer
23 each of the Executory Contracts in each case free and clear of all Liens; and, (3) execute and
24 deliver to Buyer, such assignment documents as may be necessary to sell, assign and transfer the
25 Executory Contracts. The only adequate assurance required of Buyer shall be its promise to
26 perform in accordance with the applicable Executory Contract with respect to obligations first
27 arising or incurred following the Closing.

28

L. The non-Debtor parties to the Executory Contracts are forever barred from asserting against the Debtors or Buyer any default allegedly arising or incurred prior to the Closing, any actual pecuniary loss resulting from such default, or any other obligation under the Executory Contract arising or incurred prior to the Closing, other than the cure amount set forth in the Cure Notice or as otherwise expressly set forth on the record at the Sale Hearing, which shall only be asserted against Debtors (and for which cure amounts Buyer shall have no responsibility or liability whatsoever). Except with respect to the Designated Remaining Leases, upon the Closing or promptly after the Closing, the Debtors shall pay or provide for the payment of the specified cure amount to the non-Debtor party to the Executory Contract. The Debtors and their estates shall have no liability under the Executory Contract after the Closing.

M. The assumption and assignment of any of the Assigned Designated Remaining Leases shall be effective on the Assignment Effective Date. On or promptly after the Assignment Effective Date, the Debtors shall pay or provide for the payment of the specified cure amount to the non-Debtor party to the Assigned Designated Remaining Lease, and Buyer shall pay to the non-Debtor party to the Assigned Designated Remaining Lease any amounts that have accrued subsequent to the Closing and are unpaid. The Debtors are hereby authorized to reject the Non-Assigned Designated Remaining Leases effective on the later of the Rejection Effective Date or the date that possession of the property is returned to the non-Debtor party (the "Return of Possession Date"). The last day to file a proof of claim arising from the rejection of a Non-Assigned Designated Remaining Lease shall be 30 days after the later of the Rejection Effective Date or the Return of Possession Date.

N. If any person or entity which has filed statements or other documents or agreements evidencing Liens on, or interests in, the Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to the Assets, the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on

behalf of such person or entity with respect to the Assets; provided, however, that the failure of Debtors to execute and file the foregoing shall not in any manner whatsoever adversely affect the sale of the Assets to Buyer free and clear of any such Liens.

O.    Any and all Assets in the possession or control of any person or entity, including, without limitation, any former vendor, supplier or employee of the Debtors (a) shall be transferred to Buyer free and clear of the Liens and (b) shall be delivered at the Closing to Buyer unless, pursuant to the APA, such person, entity, vendor, supplier or employee may retain temporary possession or control of any of such Assets, in which case the possession of such item shall be delivered to Buyer at such time as is designated by Buyer.

P.    Nothing contained in any order of any type or kind entered in these Chapter 11 Cases or any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the APA or the terms of this Order, including, without limitation, any plan of reorganization (whether a liquidating plan or otherwise) of the Debtor.

Q.    This Court retains jurisdiction, even after the closing of these Chapter 11 cases, to:

1.    Interpret, implement and enforce the terms and provisions of this Order (including the injunctive relief provided in this Order) and the terms of the APA, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith;

2.    Protect Buyer, or any of the Assets, from and against any of the Liens;

3.    Compel delivery of all Assets to Buyer;

4.    Resolve any disputes arising under or related to the APA, the Transaction, and Buyer's peaceful use and enjoyment of the Assets;

5.    Adjudicate all issues concerning (alleged) pre-Closing Liens and any other (alleged) interest(s) in and to the Assets, including the extent, validity, enforceability, priority and nature of all such (alleged) Liens and any other (alleged) interest(s);

6.    Adjudicate any and all issues and/or disputes relating to the Debtors' right, title or interest in the Assets and the proceeds thereof, the Motion and/or the APA; and,

7. Adjudicate any and all remaining issues concerning the Debtors' right and authority to assume and assign the Assumed Executory Contracts and Buyer's rights and obligations with respect to such assignment and the existence of any default under an Executory Contract.

R. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Transaction.

S. The sale of the Assets is in contemplation of a plan of reorganization and, accordingly, is a transfer pursuant to section 1146(c) of the Bankruptcy Code which shall not be taxed under any law imposing a stamp tax, recording tax, transfer tax, or similar tax.

T. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the APA and each and every provision, term, and condition thereof be and, therefore is, authorized and approved in its entirety.

U. This Order and the Judgment Order entered in connection herewith shall be effective immediately upon entry pursuant to Rule 7062 and 9014 of the Federal Rules of Bankruptcy Procedure, and no automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Rule 6004(g) or 6006(d) of the Federal Rules of Bankruptcy Procedures applies with respect to this Order and/or the Judgment Order entered in connection herewith.

Dated: 5/23/02

_____
United States Bankruptcy Judge

NOTE TO USERS OF THIS FORM:
Physically attach this form as the last page of the proposed Order or Judgment.
Do not file this form as a separate document.

| In re (SHORT TITLE)<br><br>BMK, INC., et al.,<br><br>Debtor(s). | CHAPTER 11 CASE NUMBER: LA 01-45961-AA<br>(Jointly Administered with Case Nos.: LA 01-45965-AA; LA 01-45969-AA; LA 01-45971-AA; LA 01-45972-AA; LA 01-45975-AA; LA 01-45976-AA; and LA 01-45979-AA) |
|---|---|

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 116(1)(a)(iv), that a judgment or order entitled,
   *(specify)*:

**ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW: (1) AUTHORIZING AND APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE, AND (2) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE**

   was entered on *(specify date)*: MAY 23 2002

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:
   MAY 23 2002

DATED: MAY 23 2002

JON D. CERETTO
Clerk of the Bankruptcy Court

by: MARIA P. MENDOZA

# IN RE BMK
## CH 11 CASE NO. LA-01-45961-AA
## SALE ORDER NOTICE OF ENTRY SERVICE LIST

**Counsel for Debtor**
Lawrence Peitzman, Esq.
Peitzman, Glassman, Weg & Kempinsky LLP
1801 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067

**US Trustee**
Office Of The United States Trustee
221 N. Figueroa Street
Suite 800
Los Angeles, CA 90012

**Debtor**
Attn: Richard Craig
BMK, Inc.
7101 E. Slauson Avenue
Commerce. CA 90040

**Debtor**
Attn: Tom McLoughlin
BMK, Inc.
7101 E. Slauson Avenue
Commerce. CA 90040

**Debtor's Corporate Litigation Counsel**
Jack Jacobsen, Esq.
Locke Liddell & Sapp
2200 Ross Avenue
Suite 2200
Dallas, TX 75201-6776

**Counsel for Secured Lenders**
Jeff J. Marwil, Esq.
Jenner & Block, LLC
One IBM Plaza, 40th Fl.
Chicago, IL 60611

**Counsel for Secured Lenders**
Michael Terrien, Esq.
Jenner & Block, LLC
One IBM Plaza, 40th Fl.
Chicago, IL 60611

David Auchterlonie
The Scotland Group
620 Newport Center Drive
Suite 1100
Newport Beach, CA 92660

Matt Neimann
Houlihan Lokey Howard & Zukin
1930 Century Park West
Los Angeles, CA 90067

Roger Lee Gillott
Sitrick And Company
1840 Century Park East, Suite 800
Los Angeles CA 90067-2109

Mercury Capital, Inc.
153 East 53rd Street
49th Floor
New York, NY 10022

**Counsel for Midwest Mezzanine Funds**
Keith C. Owens, Esq.
Foley & Lardner
2029 Century Park East, 35th Floor
Los Angeles, CA 90067-3021

A Quinn Richardson
Heller Financial
500 W. Monroe Street
Chicago, IL 60661

**Creditors' Committee Counsel**
David Weinstein, Esq.
Weinstein, Eisen, Weiss & Rothschild LLP
1925 Century Park East
Suite 1150
Los Angeles, CA 90067

**Creditors' Committee Member**
Mattel
c/o Kevin McCarron,
Western Regional Credit Manager
333 Continental Blvd., M1-1203
El Segundo, CA 90245-5012

**Creditors' Committee Member**
Midwest Mezzanine Funds
Attn: Jeff DeJesus
208 South LaSalle Street, 10th Floor
Chicago, IL 60604-1003

**Creditors' Committee Member**
Quickie Manufacturing Corp.
c/o Robert Riley
Global Credit Services
545 Madison Avenue
New York, NY 10022

**Creditors' Committee Member**
Hasbro, Inc.
Attn: Judith A. Smith, VP
200 Narragansett Park Drive
Pawtucket, RI 02862-0200

**Creditors' Committee Member**
Candle Lite
Ned Hoffman
10521 Millington Court
Cincinnati, OH 45242

**Creditors' Committee Member**
Sara Lee Hosiery
c/o Joseph Meyers, Esq.
Global Credit Services, Inc.
545 Madison Avenue, 14th Floor
New York, NY 10022

**Creditors' Committee Member**
Fonda Group/Sensations
c/o Eurgene Kilduff
Director of Credit
2920 N. Main Street
Oshkosh, WI 54903

**Creditors' Committee Member**
Jeffrey Kasch
2533 North Wahl Avenue
Milwaukee, WI 53211

In Re BMK
Chapter 11 Bankruptcy Case No. LA-01-
Order re Sale Service List May 23 02

**Creditors' Committee Member**
The Hartz Mountain Corp.
c/o Max Marx
Legal Department
400 Plaza Drive, 4th Floor
Secaucus, NJ 07094

**Citicapital Commercial Leasing Corporation**
c/o Stephen E. Jenkins, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd.
12th Floor
Encino, CA 91436

**W.N. Klein & Son and Dan Lindau**
c/o Edythe L. Bronston
Law Offices of Edythe L. Bronston
14011 Ventura Boulevard
Suite 402
Sherman Oaks, CA 91423

**Byron R. Nowell, Charles G. Cowley, Jack B. Holmstrom**
c/o Alden B. Tueller
Bennett Tueller Johnson & Deere
3865 So. Wasatch Blvd., Ste. 300
Salt Lake City, UT 84109

**Rush Truck Leasing, Inc.**
c/o Susan B. Hersh, PC
12770 Coit Road, Suite 950
Dallas, TX 75251

**Jeffrey Kasch, James A. Kasch, Molly M. Kasch and Robin S. Kasch**
c/o Susan S. Davis, Esq.
Cox Castle & Nicholson LLP
2049 Century Park East, 28th Fl.
Los Angeles, CA 90067

**Ford Motor Credit Co.**
PO Box 55000
Detroit, MI 48255-0694

**Vertical Merchandising Systems, Brian Burton, Albert Hoffman, Ed Shea, Clarion Capital Corp. & Northwest Ohio Venture Fund**
c/o Michael A. Ellis
Kahn Kleinman Yanowitz & Arnson Co. LPA
The Tower at Erieview, Ste. 2600
1301 East Ninth Street
Cleveland, OH 44114-1824

**M&I Data Services, Inc.**
Beth Rybakowicz, Services Coordinator
Metavante
4900 West Brown Deer Rd.
Milwaukee, WI 53223-2459

**Creditors' Committee Accountants**
Bradley A. Lang
PricewaterhouseCoopers
400 South Hope Street
Los Angeles, CA 90071

**Estate of James Campbell, Landlord**
c/o Nancy J. Newman
Steinhart & Falconer LLP
333 Market Street, 32nd Floor
San Francisco, CA 94105-2150

**County of San Bernardino, California**
c/o Martha E. Romero
Law Offices of Martha E. Romero and Assoc.
7743 South Painter Avenue, Suite E
Whittier, CA 90602

**Donlen Corp.**
c/o Robert M. Birndorf, Esq.
Birndorf & Bindorf
200 West Madison Street
Suite 2040
Chicago, IL 60606

**Metavante Corporation**
c/o Robert B. Kaplan, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
One Sansome Street, 12th Fl.
San Francisco, CA 94104

**Jim White**
c/o Donald W. Fitzgerald, Esq.
Felderstein Fitzgerald Willoughby & Pascuzzi LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

**Brian Burton**
6779 Windward Hills Drive
Breksville, OH 44141

**Kent Humphreys**
9601 Castle Rd.
Oklahoma City, OK 73162

**Mike Albert Leasing**
PO Box 642351
Pittsburgh, PA 15264-2531

Robbin L. Itkin, Esq.
Kirkland & Ellis
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017

**EFAM, Inc., Daniel Eiselman, Stephen Eiselman, Jerald Eiselman**
c/o Albert Flor, Jr., Esq.
Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94612

**Weston, Inc.**
c/o Deborah Basil, Esq.
Corporate Litigation Counsel
Weston, Inc.
29100 Aurora Rd.
Solon, OH 44139-1855

**Preston-Livermore Associates (Pullman)**
c/o The Pinnacle Group
1901 S. Bascom Avenue, Suite 1580
Campbell, CA 95008

**Jeffrey Kasch, James A. Kasch, Molly M. Kasch and Robin S. Kasch**
c/o Paul Griepentrog, Esq.
Godfrey & Kahn SC
780 N. Water Street
Milwaukee, WI 53202

**EMCO Distributors, Inc.**
48900 Milmont Drive
Fremont, CA 94538

**Albert Hoffman**
6779 Windward Hills Drive
Breksville, OH 44141

**Kronos**
PO Box 845748
Boston MA 02284-5748

**Brandon Lawson**
300 Evans Street, #232
West Chester, PA 19380

In Re BMK
Chapter 11 Bankruptcy Case No. LA-01-
Order re Sale Service List May 23 02

| | | |
|---|---|---|
| **NHGH Financial Services**<br>(Yale Financial Services)<br>PO Box 642385<br>Pittsburgh, PA 15264-2385 | **Kent Humphreys, Triad Management LLC, Custom Marketing, Inc.**<br>c/o Cheryl Hunter<br>Hall, Estill, Hardwick, Gable, Golden & Nelson<br>2900 Liberty Tower<br>100 N. Broadway<br>Oklahoma City, OK 73102 | **Triad Marketing**<br>PO Box 271054<br>Oklahoma City, OK 73137 |
| **National City Complete Lease**<br>PO Box 856168<br>Louisville, KY 40285-6152 | **Ryder Truck Rental**<br>530 So. 108th<br>Milwaukee, WI 53214 | **The Federal Wholesale Group**<br>125 Lena Drive<br>Aurora, OH 44202 |
| **W.N. Klein & Son, Inc.**<br>1965 W. 13th Avenue<br>Denver, CO 80204 | **Dennis Uliano**<br>1270 Champion Circle<br>Carrollton, TX 75008 | **Universal Leasing (ULTEA)**<br>PO Box 802555<br>Chicago, IL 60680 |
| **Xerox**<br>PO Box 827181<br>Philadelphia, PA 19182-7181 | **The Eve Lindgren Trust**<br>c/o Petco Marketing<br>8904 Bradenton Road<br>Fort Wayne, IN 46835 | **Xerox**<br>PO Box 802555<br>Chicago, IL 630680 |
| **Petco Marketing, Steven Wahl and Sharon Wahl**<br>c/o R. David Boyer<br>Helmke, Beams, Boyer & Wagner<br>202 West Berry Street, Suite 300<br>Fort Wayne, IN 46802-2216 | **Petco Marketing**<br>Attn: Steven A. Wahl<br>8904 Bradenton Road<br>Fort Wayne, IN 46835 | **Steven A. Wahl**<br>c/o Petco Marketing<br>8904 Bradenton Road<br>Fort Wayne, IN 46835 |
| **Sharon A. Wahl**<br>c/o Petco Marketing<br>8904 Bradenton Road<br>Fort Wayne, IN 46835 | **Citicapital Fleet Services**<br>PO Box 844457<br>Dallas, TX 75284 | Michael Wingler, Regional VP<br>**The Hartz Mountain Corporation**<br>268 N. Viewpoint Lane<br>Walnut, CA 91789 |
| **Citicorp Del Leasing, Inc.**<br>450 Mamaroneck Avenue<br>Harrison, NY 10528 | **Kimberly Warner**<br>Trammell Crow Company<br>1601 Northwest Expressway<br>Suite 1200<br>Oklahoma City, OK 73118 | **BIC Corp.**<br>Attn: Paul Floridia<br>500 Bic Drive<br>Milford, CT 06460 |
| **New Dana Perfumes**<br>Attn: Linda A. Toberio<br>470 Oakhill Road<br>Mountaintop, PA 18707-2112 | **Citicorp Vendor**<br>7165 SW Fir Loop<br>Suite 204<br>Tigard, OR 97223 | **Metavante**<br>c/o Peter Blain<br>Reinhart Boerner Van Deuren SC<br>1000 North Water Street, Ste. 1200<br>Milwaukee, WI 53202 |
| **BCL Capital**<br>115 West College Drive<br>Marshall, MN 56258 | **GE Lighting**<br>c/o David Neumann<br>Benesch Friedlander Caplan & Aronoff LLP<br>2300 BP Tower<br>200 Public Square<br>Cleveland, OH 44114 | **Bidder**<br>R. King Milling, Jr.<br>Kirkpatrick & Lockhart LLP<br>1251 Avenue of the Americas<br>45th Floor<br>New York, NY 10020-1104 |

In Re BMK
Chapter 11 Bankruptcy Case No. LA-01-
Order re Sale Service List May 23 02