1 | Lawrence Peitzman (State Bar No. 62379)
2 | David B. Shemano (State Bar No. 176020)
    Jonathan D. Gordon (State Bar No. 205541)
3 | PEITZMAN, GLASSMAN, WEG & KEMPINSKY LLP
    1801 Avenue of the Stars, Suite 1225
4 | Los Angeles, CA  90067
    Telephone: (310) 552-3100
5 | Telecopier: (310) 552-3101

6 | Reorganization Counsel for
    Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BMK, Inc.; Jacks Service Company; Kasch Merchandising, Inc.; Outsource Merchandising Corp.; Nationmark Merchandising & Distribution Company; Somody Merchandising, Inc.; WESCO Merchandising, Inc.; and Wasatch Service & Supply, Inc.<br><br>Debtors. | Bk. Case No: LA-01-45961-AA<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos.:<br>LA-01-45965-AA;<br>LA-01-45969-AA;<br>LA-01-45971-AA;<br>LA-01-45972-AA;<br>LA-01-45975-AA;<br>LA-01-45976-AA; and<br>LA-01-45979-AA) |
| Tax I.D. Nos, respectively: 95-3876917; 73-0748856; 95-4761834; 95-4604739; 95-4672501; 95-4776273; 87-0288476; 95-4676693 | STIPULATION AMONG THE DEBTORS, CITICAPITAL COMMERCIAL LEASING CORPORATION, AND SUN BMK ACQUISITION CORP., RESOLVING OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; ORDER THEREON |
| **Check One or More as Appropriate:**<br>Affects All Debtors: ☒<br>Affects BMK, Inc: ☐<br>Affects Jacks Service Comp: ☐<br>Affects Kasch Merchandising, Inc: ☐<br>Affects Outsource Merchandising Corp: ☐<br>Affects Nationmark Merchandising: ☐<br>Affects Somody Merchandising, Inc: ☐<br>Affects WESCO Merchandising, Inc.: ☐<br>Affects Wasatch Supply & Service, Inc.: ☐ | Date:  May 22, 2002<br>Time:  2:00 p.m.
Place: Courtroom 1375<br>           255 E. Temple Street<br>           Los Angeles, CA |

**ORIGINAL**
**STAMPED IN RED**

1

The above-captioned debtors (the "Debtors"), CitiCapital Commercial Leasing Corporation ("CitiCapital"), and Sun BMK Acquisition Corp. ("Sun"), hereby stipulate and agree as follows:

**RECITALS**

1. The Debtors commenced cases under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Central District of California on December 3, 2001 (the "Petition Date"). On December 5, 2001, the Bankruptcy Court entered its Orders providing for the joint administration of the Debtors' cases. The Debtors are operating their businesses and managing their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

2. On or about April 25, 2002, the Debtors filed the Motion Of The Debtors For Order (1) Authorizing And Approving Sale Of Substantially All Of The Debtors' Assets Free And Clear Of All Liens, Claims, Encumbrances And Other Interests Pursuant To Section 363 Of The Bankruptcy Code, And (2) Authorizing And Approving The Assumption And Assignment Of Executory Contracts Pursuant To Section 365 Of The Bankruptcy Code (the "Motion").

3. Pursuant to the Motion, among other things, the Debtors requested authority to assume and assign to Sun approximately 298 vehicle leases with CitiCapital (collectively, the "Vehicle Leases").

4. On or about May 7, 2002, CitiCapital filed its Opposition to the Motion and requested the payment of a cure claim in the amount of $45,094.35, the provision of adequate assurance of future performance, and clarification that certain "Ancillary Agreements" were not to be assumed and assigned to Sun. (CitiCapital subsequently advised BMK that the cure claim was actually $52,082.63.)

5. On or about May 16, 2002, the Debtors filed a Reply in support of the Motion. Among other things, the Reply evidenced additional adequate assurance of future performance, provided that the Debtors would pay the Cure Claim, and clarified that the Ancillary Agreement were not to be assumed and assigned to Sun. In addition, the Debtors provided notice of their

2

intent to remove approximately 12 Vehicle Leases from the list of contracts to be assumed and assigned to Sun (the "Excluded Leases").

6. Thereafter, the Debtors, CitiCapital and Sun discussed all outstanding issues concerning the assumption and assignment of the Vehicle Leases. Among other things, CitiCapital requested that the Excluded Leases be included among the leases to be assumed and assigned, and the Debtors requested that CitiCapital deliver to the Debtors the certificates of title to certain vehicles that had been sold by the Debtors to third parties.

**WHEREFORE**, based upon the foregoing facts, the parties hereto hereby agree as follows:

A. Within five (5) business days after the closing of the sale of assets by the Debtors to Sun (the "Closing"), the Debtors shall pay to CitiCapital the following (the "Aggregate Cure Payment"):

    1. $ 149,314.10 (of which $52,080.63 represents prepetition cure claims with respect to lease payments and $96,461.44 represents all unpaid amounts owing under the vehicle leases for the period April 1, 2002, through May 31, 2002, and invoice 1659065 for $770.03 from 1/1/02 which was for rent); and

    2. $ 15,574.89 relating to the Debtors' "payoff" and other obligations concerning the vehicles described in Paragraph C below assuming that the Debtors provide evidence that they paid the payoff amount of $3543.09 for Unit 9769958 on or about March 29, 2002; otherwise an additional $3543.09 is also payable.

B. Upon receipt of the Aggregate Cure Payment by CitiCapital, all of the Vehicle Leases, except for the Vehicle Leases described in Paragraph C below, shall be deemed assumed and assigned to Sun.

C. Upon receipt of the Aggregate Cure Payment by CitiCapital, all of the Vehicle Leases concerning the vehicles described in this Paragraph C shall be deemed assumed by the Debtors, and CitiCapital agrees and acknowledges that the Debtors shall no longer have any

obligations under the Vehicle Leases concerning the vehicles described in this Paragraph C. Within five (5) business days after receipt of the Aggregate Cure Payment by CitiCapital, CitiCapital shall transfer title to the vehicles described in this Paragraph C by delivering to the Debtors properly endorsed certificates of title to the following vehicles:

1. 97 Ford E-150 1FTEE146XVHB71889 (Unit 9769933)
2. 98 Ford E-150 1FTRE1466WHA63658 (Unit 9769972)
3. 98 Ford E-150 1FTRE1462WHB33947 (Unit 9769968)
4. 98 Ford E-150 1FTRE1460WHA83260 (Unit 9769958)
5. 98 Ford E-150 1FTRE1467WHB52686 (Unit 9769966)
6. 98 Ford E-150 1FTRE1465WHA86316 (Unit 9769960)
7. 98 Ford E-150 1FTRE1465WHB47146 (Unit 9769956)

D. Pursuant to Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, the Order approving this stipulation shall be effective immediately upon entry.

Dated: June 3, 2002

PEITZMAN, GLASSMAN, WEG & KEMPINSKY LLP

By: _____
Lawrence Peitzman
David B. Shemano
Reorganization Counsel for
Debtors and Debtors in Possession

Dated: June 3, 2002

HEMAR, ROUSSO & HEALD, LLP

By: _____
Stephen E. Jenkins
Attorneys for CitiCapital Commercial Leasing Corporation

Dated: June 3, 2002

KIRKLAND & ELLIS

By: _____
Robbin L. Itkin
Attorneys for Sun BMK Acquisition Corp.

4

## ORDER

**IT IS SO ORDERED.**

Dated: 6/5/02

_____
UNITED STATES BANKRUPTCY JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1801 Avenue of the Stars, Los Angeles, California 90067.

On June 4, 2002, I served the foregoing document described **STIPULATION AMONG THE DEBTORS, CITICAPITAL COMMERCIAL LEASING CORPORATION, AND SUN BMK ACQUISITION CORP., RESOLVING OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; ORDER THEREON,** on the parties listed on the Service List attached hereto:

☒ **BY MAIL.** By placing a true copy thereof in a sealed envelope and addressed to the parties listed on the Service List attached hereto with postage thereon fully prepaid at Los Angeles, California and delivering it to the U.S. Postal Service at 1801 Avenue of the Stars, Los Angeles, California 90067.

Executed on June 4, 2002 at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Jenny Wong

In Re BMK, Inc. *et al.*
U.S.B.C. Chapter 11 Case No. LA-01-45961-AA

**IN RE BMK**
**CH 11 CASE NO. LA-01-45961-AA**
**SERVICE LIST**

**US Trustee**
Office Of The United States Trustee
221 N. Figueroa Street
Suite 800
Los Angeles, CA 90012

**Debtor**
Attn: Mary Ann Kaptain
BMK, Inc.
7101 E. Slauson Avenue
Commerce. CA 90040

**Counsel for Secured Lenders**
Jeff J. Marwil, Esq.
Jenner & Block, LLC
One IBM Plaza, 40th Fl.
Chicago, IL 60611

**Buyer's Counsel**
Robbin L. Itkin, Esq.
Kirkland & Ellis
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017

**Creditors' Committee Counsel**
David Weinstein, Esq.
Weinstein, Eisen, Weiss & Rothschild LLP
1925 Century Park East
Suite 1150
Los Angeles, CA 90067

**Citicapital Commercial Leasing Corporation**
c/o Stephen E. Jenkins, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd.
12th Floor
Encino, CA 91436

NOTE TO USERS OF THIS FORM:
Physically attach this form as the last page of the proposed Order or Judgment.
Do **not** file this form as a separate document.

| In re         (SHORT TITLE)<br><br>BMK, INC., et al.,<br><br>Debtor(s). | CHAPTER 11   CASE NUMBER: LA 01-45961-AA<br>(Jointly Administered with Case Nos.: LA 01-45965-AA; LA 01-45969-AA; LA 01-45971-AA; LA 01-45972-AA; LA 01-45975-AA; LA 01-45976-AA; and LA 01-45979-AA) |
|---|---|

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 116(1)(a)(iv), that a judgment or order entitled,
   *(specify)*:

   **STIPULATION AMONG THE DEBTORS, CITICAPITAL COMMERCIAL LEASING CORPORATION, AND SUN BMK ACQUISITION CORP., RESOLVING OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; ORDER THEREON**

   was entered on *(specify date)*: 6-5-02

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*: 6-5-02

DATED: 6-5-02

JON D. CERETTO
Clerk of the Bankruptcy Court

by: _Vena Serrano_

RECEIVED 02 JUN -4 PM 2:18

**IN RE BMK**
**CH 11 CASE NO. LA-01-45961-AA**
**NOTICE OF ENTRY LIST**

**US Trustee**
Office Of The United States Trustee
221 N. Figueroa Street
Suite 800
Los Angeles, CA 90012

**Counsel for Debtor**
Lawrence Peitzman, Esq.
Peitzman, Glassman, Weg & Kempinsky LLP
1801 Avenue of the Stars, Suite 1225
Los Angeles, CA 90067

**Debtor**
Attn: Mary Ann Kaptain
BMK, Inc.
7101 E. Slauson Avenue
Commerce. CA 90040

**Counsel for Secured Lenders**
Jeff J. Marwil, Esq.
Jenner & Block, LLC
One IBM Plaza, 40th Fl.
Chicago, IL 60611

**Buyer's Counsel**
Robbin L. Itkin, Esq.
Kirkland & Ellis
777 S. Figueroa St., 37th Floor
Los Angeles, CA 90017

**Creditors' Committee Counsel**
David Weinstein, Esq.
Weinstein, Eisen, Weiss & Rothschild LLP
1925 Century Park East
Suite 1150
Los Angeles, CA 90067

**Citicapital Commercial Leasing Corporation**
c/o Stephen E. Jenkins, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd.
12th Floor
Encino, CA 91436

In Re BMK
Chapter 11 Bankruptcy Case No. LA-01-
Order re Sale Service List May 23 02